FILED

APR 28 2006



UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| AUGUSTINE WHITEHORSE,<br><br>　　　　　Petitioner,<br><br>-vs-<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | CIV 06-3001<br>CR 94-30049-01<br><br>OPINION AND ORDER |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner was convicted, after trial by jury, of kidnapping and voluntary manslaughter. He was sentenced on August 29, 1995, to concurrent terms of 188 months custody, to be served consecutively to a state court sentence he was serving at the time. He appealed his conviction and sentence and the United States Court of Appeals for the Eighth Circuit affirmed on June 10, 1996. Petitioner has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. I have conducted an initial consideration of the motion to vacate, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Petitioner contends that he is entitled to relief pursuant to the United States Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005). He contends that the sentence enhancements he received for vulnerable victim and use of a weapon violated his Sixth Amendment rights because the presence of those elements was not found by a jury beyond a reasonable doubt.

The Supreme Court has not made Booker retroactive to cases on collateral review. The Supreme Court specifically stated in Booker that its holdings apply "to all cases on direct review." Booker, 125 S.Ct. at 769. This statement is evidence that the Supreme Court does not intend for its holdings in Booker to apply retroactively to cases on collateral review that were final when Booker was decided. All circuit courts considering the issue, including the Eighth Circuit, have held that Booker does not apply to criminal convictions that became final before

Booker was issued and therefore cannot be raised in a § 2255 proceeding. Never Misses A Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005), Cirilo-Munoz v. United States, 404 F.3d 527, 533 (1st Cir.2005), Guzman v. United States, 404 F.3d 139, 143-44 (2nd Cir. 2005), Lloyd v. United States, 407 F.3d 608, 615-16 (3rd Cir. 2005), Humphress v. United States, 398 F.3d 855, 862-63 (6th Cir. 2005), McReynolds v. United States, 397 F.3d 479, 480-81 (7th Cir. 2005), United States v. Price, 400 F.3d 844, 845 (10th Cir. 2005), and Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005).

Petitioner contends that Booker did not announce a new rule of Constitutional law and therefore the retroactivity analysis of Schriro v. Summerlin, 542 U.S. 348, 124 S.Ct. 2519, 2523, 159 L.Ed.2d 442 (2004) (new procedural rules generally do not apply retroactively unless the rule is of "watershed" magnitude or unless the rule prevents the lawmaking authority from criminalizing certain kinds of conduct) and Teague v. Lane, 489 U.S. 288, 310-11, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (new rules of criminal procedure are not applicable to those cases which have become final unless the rule (1) places conduct beyond power of criminal law-making body to proscribe or (2) are "watershed rules of criminal procedure") do not apply. He contends that Booker is merely a clarification of his rights which were first announced in In Re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) ("[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.")

Even if petitioner is correct, his motion to vacate must be denied. A one year period of limitations applies to a motion to vacate under 28 U.S.C. § 2255. The retroactivity analysis is conducted because the limitation period runs from the latest of, *inter alia*, "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." If Booker did not raise a new rule, petitioner's reliance on that rule is untimely.

It plainly appears from the face of the motion that the petitioner is not entitled to relief. Summary dismissal is therefore appropriate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Now, therefore,

2

IT IS ORDERED that the motion to vacate filed herein is denied.

Dated this 28th day of April, 2006.

BY THE COURT:

*Charles B. Kornmann*

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Barbara J. Gaupke*
            DEPUTY
(SEAL)

3